Hon. James H. Tully, Jr. Commissioner Department of Taxation and Finance
This is in response to your request for an opinion as to whether or not income earned in the City of Salamanca by a member of the Seneca Nation of Indians who resides in such city is subject to New York State personal income tax.
An opinion of the Attorney General rendered on June 27, 1977, in response to a request from you, concluded that "* * * income earned from employment on an Indian reservation by an Indian who resides on such reservation is not subject to New York State personal income tax." The opinion was based on the decision of the Supreme Court in McClanahan v.Arizona State Tax Commission, 411 U.S. 164 (1973) which held that a state has no right to tax income earned on a reservation by Indians who live on such reservation unless Congress has expressly allowed the state to do so. In regard to New York State, there has been no such congressional authorization.
The question now arises as to whether such decision is applicable to members of the Seneca Nation who live and work in Salamanca, New York, which city is located within the Alleghany Indian Reservation. The land on which Salamanca is located is owned by the Seneca Nation but is leased to non-Indians pursuant to long term leases. You question whether the fact that the Indians have relinquished the exclusive use of the reservation land by lease causes a loss of their tax exempt status on income earned.
A copy of the master lease which you sent me provides that the property is leased "pursuant to the authority conferred by Congress and the Constitution and the laws of the Seneca Nation of Indians."
By the Act of February 19, 1875, Ch. 90, 18 Stat. 330, Congress authorized the Seneca Nation to lease the lands within the Alleghany reservation and established the boundaries of the Village of Salamanca. Such Act specifically states that all municipal laws and regulations of the State may be in force within such village: "Provided however that nothing in this section shall be construed to authorize the taxation of any Indian, or the property of any Indian not a citizen of the U.S." Although all Indians were made citizens of the United States in 1924, the Congressional intent of the Act of 1875 to protect those Indians living in Salamanca from taxation remains.
The New York Legislature, in passing Chapter 188, Laws of 1881, referred to the Act of 1875 and adopted much of its language and provided that "all the general laws of the state are extended over and apply to the same (villages including Salamanca); except that this section shall not authorize the taxation of any Indian or the property of any Indian, not a citizen of the United States." (Indian Law § 71.)
Thus it is clear that Congress intended to prohibit the taxation of Indians living in Salamanca and that New York State, following such congressional intent, has prohibited such taxation. It further appears that such prohibition extends to the imposition of a personal income tax.
Therefore, I conclude that income earned in the City of Salamanca by a member of the Seneca Nation of Indians who resides in such city is not subject to New York State personal income tax.